IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEYWUAN MELVIN, <br> # M-43392, <br> <br> Plaintiff, <br> <br> vs. <br> <br> LASHBROOK and <br> ILLINOIS DEPT. OF CORRECTIONS, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 15-cv-01131-MJR <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Keywuan Melvin was housed in segregation at Pinckneyville Correctional Center ("Pinckneyville") on September 1, 2015, when a medical emergency rendered him unable to summon help. (Doc. 1, p. 8). His cellmate and other inmates yelled and made noise until several correctional officers responded. Although a crisis was averted, Plaintiff claims that his rights were violated. Proceeding *pro se*, Plaintiff now brings this action pursuant to 42 U.S.C. § 1983 against Pinckneyville's warden, the Illinois Department of Corrections ("IDOC"), and the IDOC Director. He seeks $1,000 per day for each day he spent in segregation. (*Id*. at 9).

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The complaint does not survive threshold review under this standard and shall be dismissed.

## The Complaint

According to the complaint, Plaintiff experienced a medical emergency while he was housed in Pinckneyville's segregation unit for a disciplinary infraction on September 1, 2015. (Doc. 1, p. 7). Plaintiff suffers from a heart murmur and, on that date, suffered from sudden weakness. His head began to ache, and he felt as though he might pass out.

Unable to scream or bang on the cell door, Plaintiff asked his cellmate to get help. His cellmate responded by calling for help while hitting the door to make noise. Inmates in

surrounding cells did the same until correctional officers arrived. What occurred thereafter is a mystery; the complaint includes no allegations addressing subsequent events.

Plaintiff now sues Warden Lashbrook, the IDOC, and the IDOC Director. He claims that this incident violated his rights. (*Id*. at 7). He seeks monetary damages.[1] (*Id*. at 8).

## Discussion

The complaint does not survive screening under 28 U.S.C. § 1915A for numerous reasons. To begin with, Warden Lashbrook and the IDOC (including the Director) are the only defendants listed in the case caption, but the statement of claim includes no allegations against either defendant. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). The claims against these defendants are subject to dismissal on this basis alone. And because they are the *only* defendants in this action, the complaint is also subject to dismissal.

But there are other reasons for dismissal. Plaintiff explicitly states that he named Warden Lashbrook as a defendant in the action because "she's the one who runs Pinckneyville." (Doc. 1, p. 1). In other words, she is named because of her supervisory role within the prison. The doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, to be liable under § 1983, "the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005)

---

[1] In a grievance that Plaintiff filed on September 1, 2015, he requested the installation of panic buttons in prison cells at Pinckneyville. (Doc. 1, pp. 5-6). Plaintiff does not mention the need for panic buttons in his statement of claim or his request for relief; he also seeks no injunctive relief. (*Id*. at 8-9).

(internal quotations and citations omitted).  The complaint includes no allegations suggesting that Warden Lashbrook had any personal involvement in this matter.  By relying on the doctrine of *respondeat superior*, Plaintiff has pleaded himself out of any claim under § 1983 against Warden Lashbrook.

He also cannot proceed with a claim for money damages against the IDOC because it is a state government agency.  The Supreme Court has long held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same).  Because the Eleventh Amendment bars suits against the state in federal court for money damages, Plaintiff's claims against the IDOC for money damages must be dismissed.

A claim against the IDOC Director fares no better.  Because there is no supervisory liability in a § 1983 action, a claim against the director for money damages may only proceed if the director was personally involved in the deprivation.  *Sanville*, 266 F.3d at 740; *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).  Although Plaintiff mentions the director in the list of defendants, there is no suggestion in the statement of claim that the director had any personal involvement in the underlying conduct.  Plaintiff fails to mention the director at all.

There are other reasons for dismissing the complaint.  Plaintiff has not identified any legal basis, be it constitutional or otherwise, for relief.  Standing alone, this is not fatal to his complaint.  *See Hatmaker v. Memorial Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010)

("plaintiffs in federal courts are not required to plead legal theories."). What dooms his complaint is that Plaintiff also does not include allegations that support *any* plausible claim against the defendants. *Twombly*, 550 U.S. at 570 (claim of entitlement to relief must cross "the line between possibility and plausibility).

Plaintiff's claim(s) arise under the Eighth Amendment, which protects inmates from cruel and unusual punishment. U.S. CONST., amend. VIII. Eighth Amendment protections extend to conditions of confinement that pose a substantial risk of serious harm to an inmate's health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment also safeguards an inmate against the denial of adequate medical care. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). All Eighth Amendment claims have an objective and a subjective component. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

For claims involving conditions of confinement, the objective analysis examines whether the conditions of confinement exceeded the contemporary bounds of decency of a mature civilized society. *Id*. Prison conditions that deprive inmates of basic human needs—food, medical care, sanitation, or physical safety—may violate constitutional norms. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *see also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). The subjective analysis turns on the state of mind of the defendant, which in this context is deliberate indifference. This standard is satisfied when a plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842.

A claim based on deficient medical care requires a plaintiff to establish an objectively serious medical condition and an official's deliberate indifference to that condition. *Arnett*,

658 F.3d at 750 (citations omitted). An objectively serious condition is one that has been diagnosed by a physician as requiring treatment or is obvious even to a layperson. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). To demonstrate deliberate indifference, a plaintiff must show that the defendant acted with a state of mind that is something akin to recklessness. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). This occurs when a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. *Id.*; *Gutierrez*, 111 F.3d at 1369; *Farmer*, 511 U.S. at 837.

The allegations in the complaint do not support a viable claim for unconstitutional conditions of confinement or deliberate indifference to medical needs against the defendants or anyone else. The statement of claim is devoid of allegations suggesting that *anyone* involved in the incident exhibited deliberate indifference toward Plaintiff. When Plaintiff realized that he could not call for help, his cellmate and fellow inmates immediately took action. They called for help until it arrived. Plaintiff complains of no delay or denial of care. By all indications, the prison officials secured necessary medical help for Plaintiff. The failure to establish deliberate indifference on the part of any defendant is not only fatal to these claims, it is also fatal to the complaint because it sets forth no other viable claims.

Finally, it appears that Plaintiff also filed this action without completely exhausting his administrative remedies. Plaintiff may not pursue his claims in federal court until *after* he has exhausted his available remedies. *See* 42 U.S.C. § 1997e(a). Although failure to exhaust administrative remedies is usually an affirmative defense, dismissal on this basis is appropriate where the failure to exhaust is obvious. *See Jones v. Bock*, 549 U.S. 199, 214-215 (2007); *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) (dismissal is appropriate "when the

existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous").

Plaintiff attached the relevant grievance to his complaint. It is dated September 1, 2015. (Doc. 1, pp. 5-6). The grievance was marked as an "emergency," and it was denied as a non-emergency on September 10, 2015. (*Id*. at 5). In describing the steps he took to exhaust his administrative remedies prior to filing this action, Plaintiff states, "They sent it back stating it's not an emergency grievance." (*Id*. at 4). But the warden's denial of an emergency grievance, without more, does not satisfy the exhaustion requirement.[2]

Plaintiff's complaint is utterly devoid of allegations suggesting that the defendants violated his constitutional rights. The pleading sets forth no claim upon which relief may be granted. Accordingly, the complaint, and this action, shall be dismissed.

## Pending Motions

**1.     Motion for Service of Process at Government Expense (Doc. 4)**

Plaintiff's motion for service of process at government expense is hereby **DENIED** as **MOOT**.

---

[2] The IDOC has an established grievance process. *See* 20 Ill. Admin. Code §§ 504.800 *et seq*. In matters involving no emergency, an inmate can submit a written grievance to a designated grievance officer, who submits his recommendation to the institution warden. 20 Ill. Admin. Code §§ 504.810, 504.830. The warden "advise[s] the offender of the decision in writing within 2 months after receipt of the written grievance, where reasonably feasible." 20 Ill. Admin. Code § 504.830(d). Alternatively, an inmate can request that a grievance be handled on an emergency basis by submitting the grievance directly to the warden. 20 Ill. Admin. Code § 504.840. If the warden determines that there is a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is to be handled on an emergency basis. 20 Ill. Admin. Code § 504.840. The process also provides: "If, after receiving the response of the [warden], the offender still feels that the problem, complaint, or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after the date of the decision." 20 Ill. Admin. Code § 504.850. Plaintiff appears to have taken no further steps in the grievance process after receiving a response from the warden.

**2.     Motion for Appointment of Counsel (Doc. 3)**

Plaintiff's motion for appointment of counsel (Doc. 3) is **DENIED**. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case -- factually and legally -- exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*. In his motion, Plaintiff disclosed no efforts to seek counsel prior to filing his motion. He clearly presented the facts in his statement of claim. The facts simply do not support any claim for relief against the defendants.

**Disposition**

**IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. Defendants **LASHBROOK** and **ILLINOIS DEPARTMENT OF CORRECTIONS (including the director)** are

**DISMISSED without prejudice**.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 811 (7th Cir. 1998). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 9, 2015**

s/ <u>**MICHAEL J. REAGAN**</u><br>**Chief District Judge**